[Civ. No. 8722.   Third Dist.   Apr. 16, 1956.]

FRED HERRERA, Appellant, v. HOWARD T. JOHNSTON, Respondent.

Arthur S. Powell for Appellant.

Manwell & Manwell for Respondent.

VAN DYKE, P. J.—This is an appeal from a judgment in favor of the appellant as plaintiff in the trial court, in the amount of $11.25, in an action to recover damages for a breach of warranty.

In the main, the facts out of which this litigation arose are not in dispute.   The appellant purchased $11.25 worth of zucchini seed from the respondent which proved to be a variety inferior to that ordered.   As a result, the crop which appellant raised for commercial purposes was practically unmarketable and was valueless, whereas if the seed had been true to name, appellant would, as the trial court found, have

realized a profit of $6,125. ■ The trial court denied recovery of more than the purchase price of the seed, finding that to be the limit of the seller's warranty. The actual transaction was as follows: Appellant went to the store of respondent Johnston and told him that he wanted to purchase dark green zucchini seed. Respondent replied that he had none on hand at the moment but would attempt to obtain it from the seed houses. Within a few days he told appellant that two seed houses had dark green zucchini seed on hand, that one of the houses was Ferry-Morse, the other Woodruff and Sons. Appellant suggested he buy from Woodruff and Sons. A few days later, when the seed had arrived, respondent called appellant and told him the seed was there. It had been shipped to respondent in a bag which bore the label "dark green zucchini seed." Appellant came to the store of respondent, and respondent sacked in a paper bag five pounds of the seed which appellant proceeded to plant. He then called respondent again, stated that he needed four or five pounds more to finish his planting, and asked respondent to soak the seed overnight. On the next morning he came and got the seed and proceeded to plant it. There was evidence only an expert, which appellant was not, could have ascertained the error until too late to avoid the loss.

For eight years respondent had maintained in his seed store and in a conspicuous spot therein a sign reading as follows: "The California Seed and Fertilizer Company gives no warranty, express or implied, as to the productiveness of any seeds, plants, or bulbs we sell, and we will not be in any way responsible for the crop. Our liability in all instances is limited to the purchase price of the seed or materials purchased." When appellant received the first lot of seeds, respondent made out an invoice tag which appellant then signed. This invoice bore the following printed matter which appellant said he did not read: "We warrant to the extent of the purchase price that seed, bulbs, plants and other materials sold are as described on the container, within recognized tolerances. We give no other or further warranty, express or implied." Though appellant signed the invoice, he did not then keep it. Respondent retained it because he was not able at that time to fill in the price. Later, after the seed had been planted, the completed invoice was mailed to appellant.

The trial court found as follows:

"That plaintiff did not rely on the representations of defendant that said zucchini seed was dark green zucchini seed

and defendant did not warrant to plaintiff that said seed was dark green zucchini seed *except as herein stated.* That on the bills and invoices delivered to plaintiff by defendant for said seed there is contained the statement as follows, to wit: 'We warrant, to the extent of the Purchase Price, the Seed, Bulbs, Plants and other materials sold are as described on the container, within recognized tolerances. We give no other or further warranty express or implied.' That in defendant's place of business above the sales counter there is posted a large sign which contains substantially the same words and language as is contained upon the invoices and bills. That for many years last past there has existed and now exists a general custom and usage appertaining to the retail sale seed business that the dealer or seller does not warrant seed as to name or description or that the seed is true to name, and that said custom is so well established and universal that it must be presumed to have been known to plaintiff and other people purchasing seed from retail seed dealers. That the extent of the warranty of the defendant in this action is the amount of the purchase price of said seed which is $11.25.''

In the light of the judgment rendered, we construe the findings as declaring respondent warranted that the seeds he sold to appellant were dark green zucchini seeds, but that he limited his ability for breach of that warranty to the price paid for the seed. To be sure, some of the findings appear inconsistent; but we think that no material harm is done by such apparent inconsistency. For instance, the finding that the plaintiff did not rely on the representations of the defendant that said zucchini seed was dark green zucchini seed appears to be a foundation finding for a conclusion that there was no warranty whatever. Yet in the same sentence, the court states the conclusion that the defendant did not warrant to plaintiff that said seed was dark green zucchini seed "except as herein stated." In any event, whatever inconsistency may appear in the findings as to the warranty, the judgment is based upon a limited warranty; and on this appeal it must stand or fall according as such judgment is or is not supported by the evidence.

Section 1732 of the Civil Code declares:

"Any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer

to purchase the goods, and if the buyer purchases the goods relying thereon. . . .''

The facts we have recited amply justify a finding by the trial court that an express warranty was entered into. (*Chamberlain Co.* v. *Allis-Chalmers Mfg. Co.*, 51 Cal.App. 2d 520 [125 P.2d 113]; *Burr* v. *Sherwin Williams Co.*, 42 Cal.2d 682 [268 P.2d 1041].)

█ The serious question on the appeal is whether or not the court's finding that the warranty was limited by appropriate disclaimer brought to the attention of the appellant finds support in the record. We have concluded that it does. Notwithstanding, the appellant testified that in all his dealings with respondent, which had extended over a number of years, he had never seen the sign kept in place over the sales counter, and, notwithstanding his testimony that when he signed the invoice he did not read the disclaimer printed thereon, the trial court was not bound to accept this testimony and was entitled, if it thought fit, to hold that he was advised of these warranty limitations. There was also evidence of a general custom prevailing in the vicinity that dealers in seeds did not warrant that they were true to name beyond the amount of the price paid therefor. Upon the whole record it was for the trial court to determine whether or not there had been a limitation of what would otherwise have been a full warranty. It is open to the parties to limit the effect of language which would otherwise be construed as amounting to an express warranty. (1 Williston on Sales, rev. ed., § 213.) We conclude that the record supports the trial court's findings that there was an express, but limited warranty.

The judgment is affirmed.

Schottky, J., and McMurray, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.